IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc. v. Suntrust Leasing Corporation | ) ) ) ) ) | No. 14 C 744 |
| William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc. v. IBM Credit, LLC | ) ) ) ) ) | No. 14 C 871 |
| William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc. v. Plainscapital Leasing, LLC | ) ) ) ) ) | No. 14 C 965 |
| William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc. v. Plainscapital Leasing, LLC | ) ) ) ) ) | No. 14 C 966 |
| William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc. v. People's Capital and Leasing Corp. | ) ) ) ) ) | No. 14 C 978 |

| | | |
|---|---|---|
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** <br> **v.** <br> **The Cit Group/Equipment Financing, Inc.** | ) ) ) ) ) | **No. 14 C 980** |
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** <br> **v** <br> **Pentech Financial Services, Inc.** | ) ) ) ) ) | **No. 14 C 988** |
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** <br> **v.** <br> **TD Banknorth Leasing Corp.** | ) ) ) ) ) | **No. 14 C 989** |
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** <br> **v.** <br> **KLC Financial, Inc.** | ) ) ) ) ) | **No. 14 C 992** |
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** <br> **v.** <br> **American Bank FSB** | ) ) ) ) ) | **No. 14 C 993** |
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** <br> **v.** <br> **IBM Credit, LLC** | ) ) ) ) ) | **No. 14 C 994** |

| | |
|---|---|
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** v. **US Bancorp Inc.** | **No. 14 C 1025** |
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** v. **KLC Financial, Inc.** | **No. 14 C 1065** |
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** v. **Pentech Financial Services, Inc.** | **No. 14 C 1083** |
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** v. **American Bank FSB** | **No. 14 C 1087** |
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** v. **The Cit Group/Equipment Financing, Inc.** | **No. 14 C 1091** |
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** v. **People's Capital and Leasing Corp.** | **No. 14 C 1092** |

| | |
|---|---|
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** ) ) ) <br> **v.** ) <br> **Leasing One Corporation** ) | **No. 14 C 1093** |
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** ) ) ) <br> **v.** ) <br> **ICON Ear, LLC, ICON Ear II, LLC** ) | **No. 14 C 2192** |
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** ) ) ) <br> **v.** ) <br> **Ameristar Casino East Chicago, LLC** ) | **No. 14 C 2260** |
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** ) ) ) <br> **v.** ) <br> **Dana Malone** ) | **No. 14 C 2261** |
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** ) ) ) <br> **v.** ) <br> **Robert Langford** ) | **No. 14 C 2263** |
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** ) ) ) <br> **v.** ) <br> **Cory Doran** ) | **No. 14 C 2264** |

| | |
|---|---|
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** ) <br> v. ) <br> **Charter Airlines, LLC** ) | **No. 14 C 2265** |
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** ) <br> v. ) <br> **Shirley Drucker** ) | **No. 14 C 2266** |
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** ) <br> v. ) <br> **Richard Drucker** ) | **No. 14 C 2267** |
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** ) <br> v. ) <br> **Katie Malone** ) | **No. 14 C 2268** |
| **William A. Brandt, Jr., solely in his capacity as Plan Administrator for Equipment Acquisition Resources, Inc.** ) <br> v. ) <br> **Rohr-Alpha, Inc.** ) | **No. 14 C 2353** |

## **MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the parties' motions to withdraw the bankruptcy reference, motions for leave to file interlocutory appeals, requests for

certification, and motions to vacate orders. For the reasons stated below, the motions to withdraw the bankruptcy reference, motions for leave to file interlocutory appeals, requests for certification, and the motions to vacate orders are denied without prejudice.

## BACKGROUND

On October 23, 2009, debtor Equipment Acquisition Resources, Inc. (EAR) filed a voluntary Chapter 11 petition for bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois Case 09-B-39937 (Bankruptcy Case). Plaintiff William A. Brandt, Jr., acting as EAR's Plan Administrator, subsequently filed adversary complaints against multiple Defendants in the Bankruptcy Case. Specifically, in 2011, Brandt filed adversary complaints against Defendants Charter Airlines, LLC (Charter) in adversary proceeding 11-A-2110, Rohr-Alpha, Inc. (Rohr) in adversary proceeding 11-A-2147, Katie Malone in adversary proceeding 11-A-2171, Dana Malone in adversary proceeding 11-A-2179, Richard Drucker in adversary proceeding 11-A-2181, Shirley Drucker in adversary proceeding 11-A-2182, Ameristar Casino East Chicago, LLC (Ameristar) in adversary proceeding 11-A-2185, Suntrust Leasing Corporation (Suntrust) in adversary proceeding 11-A-2201, Cory Doran (Doran) in adversary proceeding 11-A-2189, U.S. Bancorp, Inc. (U.S. Bancorp) in adversary proceeding 11-A-2196, American Bank FSB (American Bank) in adversary proceeding 11-A-2200, The CIT Group/Equipment Financing, Inc. (CIT Group) in adversary proceeding 11-A-2203, Robert Langford and RAL

Associates in adversary proceeding 11-A-2209, KLC Financial, Inc. (KLC Financial) in adversary proceeding 11-A-2222, Leasing One Corporation (Leasing One) in adversary proceeding 11-A-2224, IBM Credit, LLC (IBM) in adversary proceeding 11-A-2227, Pentech Financial Services, Inc. (Pentech) in adversary proceeding 11-A-2231, People's Capital and Leasing, Corp. (People's Capital) in adversary proceeding 11-A-2233, Plainscapital Leasing, LLC (Plainscapital) in adversary proceeding 11-A-2236, ICON Ear, LLC and ICON Ear II, LLC (ICON) in adversary proceeding 11-A-2239, and TD Banknorth Leasing Corp (TD Banknorth) in adversary proceeding 11-A-2582.

In January of 2014, the Bankruptcy Case was reassigned to a new bankruptcy judge. Following such reassignment, Defendants Suntrust in case 14 C 744, IBM in case 14 C 871, Plainscapital in case 14 C 965, KLC Financial in case 14 C 1065, Pentech in case 14 C 1083, American Bank in case 14 C 1087, CIT Group in case 14 C 1091, People's Capital in case 14 C 1092, Leasing One in case 14 C 1093, and ICON in case 14 C 2192 filed motions to withdraw the bankruptcy reference of the adversary proceedings pending in the Bankruptcy Case. Plaintiff also filed motions to withdraw the bankruptcy reference of adversary proceedings pending in the Bankruptcy Case relating to Defendants Ameristar in case 14 C 2260, Dana Malone in case 14 C 2261, Robert Langford and RAL Associates in case 14 C 2263, Doran in case 14 C 2264, Charter in case 14 C 2265, Shirley Drucker in case 14 C 2266, Richard Drucker in case 14 C 2267, Katie Malone in case 14 C 2268, and Rohr in case 14 C 2353. Plainscapital in case 14 C 966, People's Capital in case 14 C 978,

7

Leasing One in case 14 C 979, CIT Group in case 14 C 980, Pentech in case 14 C 988, TD Banknorth in case 14 C 989, KLC Financial in case 14 C 992, American Bank in case 14 C 993, IBM in case 14 C 994 and U.S. Bancorp in case 14 C 1025 all filed motions for leave to file interlocutory appeals.  People's Capital in case 14 C 978, Pentech in case 14 C 988, and KLC Financial in case 14 C 992 have also filed requests for certification.  Additionally, Suntrust in case 14 C 744 and IBM in case 14 C 871 have filed motions to vacate orders in the Bankruptcy Case.  Those of the above referenced cases, which were not originally assigned to the undersigned judge, were reassigned to the undersigned judge because they involve related bankruptcy proceedings.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 157(b)(1), "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) . . ., and may enter appropriate orders and judgments, subject to review under" 28 U.S.C. § 158.  28 U.S.C. § 157(b)(1).  Pursuant to 28 U.S.C. § 157(d) a "district court may withdraw, in whole or in part, any case or proceeding . . ., on its own motion or on timely motion of any party, for cause shown." *Id.*  In addition, "[t]he district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate

8

commerce." *Id.*; *see also In re Coe-Truman Technologies, Inc.*, 214 B.R. 183, 185 (N.D. Ill. 1997)(stating that "withdrawal of the reference is mandatory only where resolution of the claims will require substantial and material interpretation of a non-title 11 statute, or which involve an analysis of significant open and unresolved issues regarding non-Title 11 law" and "withdrawal of the reference is not required where resolution of the proceeding involves the mere application of well-settled non-bankruptcy law to a new factual setting")(internal quotations omitted)(quoting *In re Vicars Ins. Agency, Inc.,* 96 F.3d 959, 954 (7th Cir. 1996) and *In re IQ Telecommunications Inc.*, 70 B.R. 742, 745 (N.D. Ill. 1987)). In deciding whether to grant a motion to withdraw reference, a district court should consider factors such as "whether the parties requested a jury trial; whether the proceeding is core or non-core; judicial economy and convenience; conservation of debtor and creditor resources; promoting the uniformity and efficiency of bankruptcy administration; and the reduction of forum shopping and confusion." *In re Archdiocese of Milwaukee*, 2013 WL 660018, at *1 (E.D. Wis. 2013)(internal quotations omitted)(quoting *In re Beale*, 410 B.R. 613, 616 (N.D. Ill. 2009)). The determination of whether an adversary proceeding involves a core or non-core proceedings is 'the most important factor' in determining whether there is cause for withdrawal" mainly because "a bankruptcy judge cannot enter a final judgment in a non-core proceeding." *In re Archdiocese of Milwaukee*, 2013 WL 660018 at *1 (quoting *In re K & R Express Sys ., Inc.*, 382 B.R. 443, 446 (N.D. Ill. 2007)). The burden rests upon "the movant to persuade the district court to withdraw the reference." *In re New Energy Corp.*, 2013

WL 1192774, at *6 (Bankr. N.D. Ind. 2013).

Pursuant to 28 U.S.C. § 158(a), the district courts are provided with authority to hear bankruptcy appeals as follows:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
> (1) from final judgments, orders, and decrees;
>
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>
> (3) with leave of the court, from other interlocutory orders and decrees;
>
> and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

*Id.* Courts generally look to 28 U.S.C. § 1292(b), which governs interlocutory appeals to the federal circuit courts for the standard that should be applied to a motion for leave to file an interlocutory appeal from bankruptcy proceedings. *In re Eastern Livestock Co., LLC*, 2013 WL 4479080, at *5 (S.D. Ind. 2013); *Kelly v. Herrell*, 2014 WL 1055134, at *5 (W.D. Wis. 2014).

## DISCUSSION

The respective parties, as referenced above, have filed motions to withdraw the bankruptcy reference of the adversary proceedings pending in the Bankruptcy Case, motions for leave to file interlocutory appeals, requests for certification, and motions to vacate orders in the Bankruptcy Case.

I.  Motions to Withdraw the Reference

A threshold issue for a motion to withdraw the reference is whether the motion was filed in a timely fashion.  A district court may grant a mandatory or permissive motion to withdraw when there is a "timely motion" to withdraw.  28 U.S.C. § 157(d).

The record reflects that the Bankruptcy Case has been pending since October 23, 2009 and adversary proceedings against Defendants Charter, Rohr, Suntrust, IBM, Plainscapital, People's Capital, Leasing One, CIT Group, Pentech, KLC Financial, American Bank, ICON, Ameristar, Dana Malone, Doran, Shirley Drucker, Richard Drucker, Katie Malone, and Robert Langford and RAL Associates have been proceeding since October of 2011.  The record reflects that Suntrust, IBM, Plainscapital, People's Capital, Leasing One, CIT Group, Pentech, KLC Financial, American Bank and ICON all waited until early 2014 to file their motions to withdraw the bankruptcy reference.  Plaintiff, who filed all of the adversary proceedings in the Bankruptcy Case in 2011, waited even longer than Defendants to file his motions  motions to withdraw the bankruptcy reference.  Specifically, Plaintiff waited until March 28, 2014 to file his motions to withdraw the bankruptcy reference relating to the adversary proceedings involving Charter, Ameristar, Dana Malone, Doran, Shirley Drucker, Richard Drucker, Katie Malone, Rohr, and Robert Langford and RAL Associates.  Thus, the record shows excessive delays in the filing of the motions to withdraw the reference.  Defendants argue that their motions to withdraw are timely because they acted based on a decision by the Supreme Court in

*Stern v. Marshall*, 131 S.Ct. 2594 (U.S. 2011), and on decisions made by the Seventh Circuit in *In re Ortiz*, 665 F.3d 906 (7th Cir. 2011), and *Wellness Intern. Network, Ltd. v. Sharif*, 727 F.3d 751 (7th Cir. 2013). None of the parties have pointed to any portions of above-referenced decisions that are directly on point in this case or that would bar the bankruptcy court in the Bankruptcy Case from ruling on the adversary proceedings. For example, Plaintiff speculates as to what appears to be an accurate reading of Seventh Circuit precedent and acknowledges that the legal issues presented in the motions to withdraw involve an "open question." (14 C 965: DE 8:2; 14 C 1091: DE 11:2). The parties also disagree over the relevance of the ruling in *Peterson v. Somers Dublin Ltd.*, 729 F.3d 741 (7th Cir. 2013) to the instant cases. The parties acknowledge that none of the above-referenced decisions are dispositive, and indicate that a forthcoming ruling by the Supreme Court on the appeal from *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553 (9th Cir. 2012) may contain dispositive law on the withdrawal issue now before this court. No such ruling has yet been made by the Supreme Court in *Bellingham*.

The rulings in *Stern*, *Ortiz*, and *Wellness* were not directly on point, and the parties were not justified in waiting years to pursue the instant motions. In addition, to the extent that the parties claim to have acted pursuant to the above-referenced decisions, the motions to withdraw now before this court were filed a significant amount of time after the decisions in *Stern*, *Ortiz,* and *Wellness*. The parties have failed to explain why it took them years to come to the realization that the adversary proceedings should be withdrawn from the Bankruptcy Case. The movants bear a

12

burden to show the court that withdrawal is appropriate and the movants have failed to provide sufficient information to show that their motions are timely.

The parties also argue that their motions to withdraw are not untimely because they brought such motions when the newly assigned bankruptcy judge raised the issue of withdrawal in January of 2014. The parties cite to a transcript from hearings before the bankruptcy judge. However, the parties should have been well aware long before the case was assigned to the new bankruptcy judge that withdrawal requests must be timely made pursuant to the law. Thus, the suggestion made by the bankruptcy judge at a hearing in 2014, years after the adversary proceedings had been pending, do not provide justification for the significant delays in bringing the instant motions to withdraw.

Plaintiff contends that the cases that he seeks to withdraw will "languish" in the Bankruptcy Case without any ultimate resolution. (14 C 2260: DE 1:7). However, as Plaintiff acknowledges in other briefings on this issue, when the Supreme Court rules in *Bellingham* the Court may resolve issues relating to withdrawal and thus it is premature to withdraw the reference at this juncture. (14 C 1091: DE 11:2). The court notes that when the Supreme Court rules in *Bellingham*, if that ruling materially alters the legal landscape that is relevant to the withdrawals sought in these cases, and if the parties pursue motions to withdraw the reference in a timely fashion following such ruling, such motions to withdraw the reference at that juncture will be properly adjudicated. The court also notes that judicial efficiency is promoted by denying the motions to withdraw the reference at this juncture.

13

Inefficiency has already been evident in the recent withdrawal process thus far. The court notes that the parties argue in extensive briefing regarding the holdings in *Stern*, *Ortiz*, *Wellness*, and *Peterson* while at the same time acknowledging that such arguments may soon be moot when the Supreme Court decides the appeal in *Bellingham*. Inefficiency is also shown by the fact that Plaintiff has sought, in a piecemeal fashion, to oppose the withdrawal of certain adversary defendants even when no proof of claim was filed. The parties have failed to show how the adversary proceedings, which have been pending in the Bankruptcy Case since October of 2011, have now in 2014 become an inefficient forum requiring adjudication by this court. Judicial economy will be promoted if these cases remain in the bankruptcy court at this juncture, and are not prematurely and/or improperly withdrawn to the district court. Therefore, the motions to withdraw the bankruptcy reference are denied without prejudice.

## II. Motions for Interlocutory Appeals

As referenced above, certain Defendants have filed motions for leave to file interlocutory appeals. In general, leave should be granted for an interlocutory appeal from bankruptcy proceedings: (1) when the proceeding "involves a controlling question of law," (2) when "there is substantial ground for difference of opinion" in the proceeding, and (3) when "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Eastern Livestock Co., LLC*, 2013 WL 4479080, at *6.

Defendants seek leave to appeal rulings by the newly assigned bankruptcy judge denying their motions to dismiss. Defendants contend that the bankruptcy judge did not rule consistent with *B.E.L.T., Inc. v. Wachovia Corp.*, 403 F.3d 474, 476 (7th Cir. 2005). However, in ruling, the bankruptcy judge also indicated that based on *Stern* and Seventh Circuit precedent, he lacked subject matter jurisdiction to enter a final order or judgment. As explained above, the parties anticipate that the Supreme Court may make a ruling in *Bellingham* that will resolve certain legal issues that are relevant in these cases. Thus, to prematurely allow appeals to proceed in this case on the eve of a ruling by the Supreme Court will not materially advance the ultimate resolution in these cases. In fact, allowing interlocutory appeals cause unnecessary delays and inefficiencies in these cases because certain Defendants may seek to return to the bankruptcy court in the midst of the interlocutory appeals based on a future ruling in *Bellingham*. Therefore, the motions for leave to file interlocutory appeals are denied without prejudice.

III. Requests For Certification

People's Capital, Pentech, and KLC Financial have also filed requests for certification. Pursuant to Federal Rule of Bankruptcy Procedure 8001(f), a party may seek certification for a direct appeal to a circuit court of appeals. Fed. R. Bankr. P. 8001(f). As explained above, allowing the interlocutory appeals to proceed in this court at this juncture will not promote the efficient administration of justice. Nor have the parties shown that a certification for a direct appeal to the Seventh Circuit is

warranted at this juncture. Therefore, the request for certification is denied without prejudice.

IV. <u>Motions to Vacate</u>

Suntrust and IBM have filed motions to vacate orders in the Bankruptcy Case. As explained above, the court denied Suntrust and IBM's motions to withdraw reference, and the court denied IBM's motion for leave to file an interlocutory appeal. Thus, no part of the Bankruptcy Case is before this court and the motions to vacate orders are denied without prejudice.

**CONCLUSION**

Based on the forgoing analysis, the motions to withdraw the bankruptcy reference, motions for leave to file interlocutory appeals, requests for certification, and motions to vacate orders are denied without prejudice.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 30, 2014